Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50078 - 5 | **DATE** | 4/1/2003 |
| **CASE TITLE** | U.S.A. vs. DALKE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in open court and on the reverse Memorandum Opinion and Order, the government's motion to disqualify is denied. Defendant Dalke's oral motions for leave to file the affidavit of Debra Schafer and to file additional appearances within three days are granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 0 1 2003 | |
| | Notified counsel by telephone. | | date docketed | 73 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4-1-03 | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendants, Nathaniel R. Webster, Leroy Hada, Randall Zachery, Robert C. Chambers, and Susan L. Dalke, have been charged in a multiple count indictment with conspiracy to possess and distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. Before the court is the government's motion to disqualify defendant Dalke's retained attorney, Daniel Cain, on the basis of certain conflicts of interest between Cain and co-defendant Webster as well as between Cain and a government witness.

The Sixth Amendment generally protects a defendant's right to an attorney of her choice within certain limits. See United States v. Defazio, 899 F.2d 626, 629 (7th Cir. 1990). The defendant is entitled to a presumption favoring her chosen counsel, but that presumption may be overcome if the government can demonstrate that representation by the defendant's chosen counsel poses either an actual conflict of interest or a serious potential for such a conflict. See Wheat v. United States, 486 U.S. 153, 164 (1988); United States v. Flores, 5 F.3d 1070, 1078 (7th Cir. 1993); Defazio, 899 F.2d at 629. District courts have broad discretion to fashion remedies to avoid such conflicts of interest. See Wheat, 486 U.S. at 163; United States v. Messino, 181 F.3d 826, 830 (7th Cir. 1999). The three traditional remedies for resolving such conflicts of interest are disqualifying the defense attorney, limiting examination of the witness to protect confidential communications, or obtaining a knowing and intelligent waiver of the conflict. See Messino, 181 F.3d at 830; United States v. O'Malley, 786 F.2d 786, 790 (7th Cir. 1986). Where, as here, defense counsel's conflict arises from a prior representation of a government witness or co-defendant, the decision to disqualify the attorney requires an evaluation of the interests of the defendant, the government, the witness, and the public, in view of the circumstances of each particular case. See O'Malley, 786 F.2d at 790. If the court allows a defendant to waive his lawyer's conflict of interest, the defendant must make an informed decision. "A waiver is sufficient if it was made knowingly and intelligently, that is to say, if it was made with sufficient awareness of the relevant circumstances and likely consequences. . . . It is enough that the district court inform each defendant of the nature and importance of the right to conflict-free counsel and ensure that the defendant understands something of the consequences of a conflict." Flores, 5 F.3d at 1078 (internal citations omitted).

In this case, the government raises two sources of conflict for attorney Cain: his prior representation of co-defendant Webster and of a man by the name of Donald Roberts, who is expected to be a material government witness at trial. Taking up the latter first, either Cain himself or another attorney in his law firm has represented Roberts on various unrelated matters in the past, such as worker's compensation claims in the early 1980s and, at some point, a divorce proceeding. Roberts also consulted with Cain when Roberts was served with a subpoena to testify before the grand jury in this case, although the nature and extent of those discussions are not entirely clear. In addition, Cain has hired Roberts, who works as a private investigator, as a process server or investigator on some of Cain's other cases. Indeed, around March 15, 2000, during the same time as the conspiracy charged in the present indictment, Cain introduced Roberts to Webster, who was in need of a private investigator to track down some individuals. The government believes Cain gained "first-hand knowledge of certain key facts" during this meeting, including Webster's purpose in tracking down the missing individuals, which was to recover a large amount of drug proceeds they had stolen from Webster. The government thus considers Cain an "unsworn witness" to material events it will have to prove at trial. Cain denies this and asserts his role was limited to arranging a meeting between Roberts and Webster without knowing why Webster wanted a private investigator.

In her response to the government's motion to disqualify, Dalke has attached an affidavit from Roberts. In that affidavit, Roberts states in part: "I understand that I have the right to interpose an objection to Attorney Cain representing Susan Dalke if I am called as a witness by the government in this case. Notwithstanding that, and being fully informed of my rights to object to Attorney Cain representing Ms. Dalke, I hereby declare that I have no objection to Attorney Cain representing Ms. Dalke in this case and further, I waive any and all rights which I may have to object to Attorney Cain representing Ms. Dalke in this case." Dalke herself also has submitted an affidavit in which she similarly waives any conflict of interest that may exist between Cain and Roberts.

In light of these affidavits, the court sees no reason to disqualify Cain due to his attorney-client relationship with Roberts. Because Cain does not currently represent Roberts and Roberts has voluntarily consented to waive any claim of privilege he has with respect to confidential information Cain may have acquired during the course of his prior representation of Roberts, Cain no longer labors under any conflict of interest in using such information to cross-examine Roberts on behalf of Dalke. See United States v. Jeffers, 520 F.2d 1256, 1265 (7th Cir. 1975) (stating that, where defense attorney previously represented government witness, "it is the witness, rather than the defendant, who should object to the cross-examination by his former attorney" and suggesting that such witness can waive any claim of privilege to confidential information to avoid conflict of interest).

Turning to co-defendant Webster, Cain represented Webster in various matters between April 1999 and June 2001, including a charge of aggravated battery in Illinois state court in June 2001 and a charge of possessing less than fifteen grams of cocaine, again in Illinois state court, in November 1999. The latter charge occurred during the same time as the conspiracy alleged in the present indictment. The government also has introduced excerpts of secretly recorded conversations between Webster and one of his customers, and between Webster and co-defendant Hada, that could arguably be interpreted as indicating Webster had drug-related discussions with Cain and that Webster and Cain talked about the pending federal investigation. Cain, in an affidavit he filed in support of Dalke's response to the government's motion, denies that he ever discussed with Webster "the conduct which the government alleges in the indictment." Once again, the government also relies on the meeting between Cain, Roberts, and Webster to assert its belief that Webster consulted with Cain regarding the theft of Webster's drug proceeds.

Unlike Roberts, Webster has not been willing to waive his right of confidentiality with Cain. Nevertheless, the court believes a solution short of disqualification is appropriate to resolve any conflict involving Webster. First, Dalke herself has waived, both in writing in an affidavit attached to her response to the government's motion and in open court in response to the court's questioning, any conflict of interest that may exist due to attorney Cain's prior representation of Webster and his current representation of her in this case. Second, another attorney in Cain's law firm, Debra D. Shafer, has filed an affidavit in which she has stated that she has not received any confidential or privileged information regarding Webster, whether from Cain or any other source. Further, both Shafer and Cain stated in open court that Shafer has been and will continue to be screened off from any confidential information Cain may have gained from his prior representation of Webster and that Shafer, not Cain, will conduct any cross-examination of Webster at trial. As the Seventh Circuit has expressly sanctioned this court's decision to remedy a similar conflict of interest in just this manner – having another attorney in the same firm who is screened off from any confidential information conduct the cross-examination of the witness at issue -- the court prefers to follow the same course here. See United States v. Britton, 289 F.3d 976, 983 (7th Cir. 2002). Finally, in response to the government's argument that Cain's prior representation of Webster on the state drug charge is the same or substantially related to the conspiracy charged in the present indictment, see N.D. Ill. R. 83.51.9(a), the court notes only that the record on that issue is not sufficiently developed at this time and simply does not allow the court to draw that conclusion.

For the reasons stated above and in open court, the government's motion to disqualify is denied.