# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50078 - 5 | **DATE** | 6/30/2003 |
| **CASE TITLE** | U.S.A. vs. Dalke | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the court denies Dalke's motion to dismiss the indictment, motion for a bill of particulars, and motion for relief from prejudicial joinder.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 1 2003 | |
| | Docketing to mail notices. | | date docketed | 114 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6-30-03 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | | SJr |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Susan L. Dalke, has been charged in Count I of a seven-count indictment for aiding and abetting a conspiracy to possess with intent to distribute crack cocaine. Four other co-defendants are named in the same indictment along with her. In this order, the court takes up the following motions filed by Dalke: a motion to dismiss the indictment, a motion for a bill of particulars, and a motion for relief from prejudicial joinder under Federal Rule of Criminal Procedure 14.

In her motion to dismiss, Dalke raises a number of arguments. First, citing a case from the U.S. Court of Appeals for the Fifth Circuit, United States v. Walker, 621 F.2d 163 (5th Cir. 1980), cert. denied, 450 U.S. 1000 (1981), she claims aiding and abetting a conspiracy is not in itself a separate offense and, therefore, she cannot be charged with such a crime. Even assuming Walker can be interpreted to support what Dalke claims (which the court finds rather dubious), the Seventh Circuit has specifically held a defendant can be charged as an aider and abettor of a conspiracy. See United States v. Galiffa, 734 F.2d 306, 310 (7th Cir. 1984) (stating that aiding and abetting a conspiracy is a "separate chargeable offense in and of itself"); see also United States v. Zafiro, 945 F.2d 881, 886 (7th Cir. 1991) (stating that joining different offenders in the same indictment ordinarily requires that "they be *charged, or chargeable,* either as coconspirators *or as aiders and abettors of a conspiracy*") (emphasis added), cert. denied, 503 U.S. 935 (1992). Furthermore, as Dalke concedes she could be convicted on a charge of mere conspiracy based on proof that she aided and abetted it, see Galiffa, 734 F.2d at 309-12 (7th Cir. 1984), it would be, as the government rightly points out, elevating form over substance to insist Dalke actually be charged with conspiracy as opposed to aiding and abetting a conspiracy.

Dalke next contends the bill of indictment fails to set forth the elements of aiding and abetting a conspiracy, which consist of: (1) knowledge of the conspiracy; (2) intent to further its success; and (3) contributing at least one act of affirmative assistance to the conspiracy. See United States v. Irwin, 149 F.3d 565, 570 (7th Cir.), cert. denied, 525 U.S. 1031 (1998). In the court's opinion, however, the allegations contained on page 4 of the indictment are more than sufficient to encompass all three of these elements. A review of Count I as a whole similarly leads the court to reject Dalke's cursory argument that the indictment is too vague and imprecise as to violate due process and Federal Rule of Criminal Procedure 7.

Finally, Dalke claims the indictment is duplicitous because paragraphs 14 and 15 of Count I contain different sets of facts, either of which would suffice for a conviction of aiding and abetting the conspiracy, and it thus permits the jury to convict her without reaching a unanimous verdict as to one or the other. This, however, is not cause for dismissing the indictment as the court can easily solve this problem with a simply jury instruction.

Moving onto Dalke's motion for a bill of particulars, paragraph 14 of the indictment alleges Dalke aided and abetted the conspiracy by providing to co-defendant Webster and other members of the conspiracy "confidential information" "concerning law enforcement activity" that she obtained as a Winnebago County Deputy Sheriff. In her motion for a bill of particulars, Dalke requests the government to furnish her with details like what exactly the confidential information was, including the names of the persons Dalke was passing along to Webster, the dates she provided such information, the persons who received such information, and the exact weight of the controlled substances involved in the conspiracy. As this list itself makes clear, Dalke is essentially asking the government to reveal the details of how it plans to prove its case and to disclose all the evidence it intends to produce at trial, all of which is beyond the purpose of a bill of particulars. See United States v. Glecier, 923 F.2d 496, 502 (7th Cir.), cert. denied, 502 U.S. 810 (1991); United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982). The indictment as it stands sufficiently apprizes Dalke of the theory of the government's case and the nature of the offense charged to enable her to prepare a defense, which is all that is required. See Glecier, 923 F.2d at 502; Kendall, 665 F.2d at 135. A bill of particulars is especially unnecessary in this case as Dalke herself admits she has received "numerous pages of discovery materials" and the government represents it has provided defense counsel with copies and access to "thousands of pages of discovery and numerous audiocassette tapes."

In her motion for relief from prejudicial joinder, Dalke makes three principal arguments in favor of severing her trial from that of her co-defendants. (The court does not count Dalke's perfunctory argument that she has been misjoined under Federal Rule of Criminal Procedure 8 because it is so obviously wrong and without merit.) The first is the disparity of evidence between herself and her co-defendants (especially Webster). While the evidence against Webster is, in her words, of a "Mount Everest like quantity," she claims the evidence against her is "minuscule by comparison and will pertain to different allegations, and . . . will be qualitatively different." She likens herself to a "bit player" who is "only peripherally involved," but who will be unfairly prejudiced in the eyes of the jury by the overwhelming evidence introduced against Webster. The court, however, does not see this as a particularly complicated case and believes appropriate limiting instructions will be sufficient to guard against such spill-over effect. See United States v. Lanas, 324 F.3d 894, 900 (7th Cir. 2003).

Next, Dalke "verily believes that if Webster and the other [co-defendants] were tried first, then they would be in a position to truthfully provide exculpatory evidence for Dalke at her trial." Although exculpatory testimony from a co-defendant is a valid reason for severing a joint trial, Dalke's claim that she "verily believes" her co-defendants would provide her with such testimony if tried separately is simply too vague, speculative, conclusory, and unsupported to merit a severance. See United States v. Lopez, 6 F.3d 1281, 1285 (7th Cir. 1993); United States v. Andrus, 775 F.2d 825, 847 (7th Cir. 1985).

Finally, Dalke argues a severance is necessary because the government plans on introducing at trial certain recorded conversations between Webster and co-defendant Hada. Dalke further believes most of this evidence is inadmissible against her. The court, however, agrees with the government there are at least two reasons why this is likely not the case. First, the conversations between Webster and Hada will likely be admissible under the hearsay exception for co-conspirator statements. See Fed. R. Evid. 801(d)(2)(E); Bourjaily v. United States, 483 U.S. 171, 182-83 (1987). Whether the statements contained in those conversations satisfy the requirements of Rule 801(d)(2)(E) is another matter, but one better left for trial. As the government further points out, it is possible such statements may be admitted, with limiting instructions, for nonhearsay purposes. See generally Tennessee v. Street, 471 U.S. 409 (1985). Once again this will have to wait for trial, but it again shows that severing the trial is unnecessary.

For the reasons stated above, the court denies Dalke's motion to dismiss the indictment, motion for a bill of particulars, and motion for relief from prejudicial joinder.